

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDREW RICK LOPEZ,

        Plaintiff-Appellant,

v.

D. C. THOMAS, Correctional Officer,

        Defendant-Appellee.

No. 23-15255

D.C. No. 4:21-cv-07136-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 10, 2024[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

California prisoner Andrew Lopez appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging that prison personnel violated his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rights during a fight with another inmate and during the ensuing disciplinary proceedings. We affirm.

Reviewing de novo,[1] we conclude that the district court correctly entered summary judgment on Lopez's excessive force[2] claim on the ground that Lopez failed to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a); Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.7(a)–(c) (2019); *Fordley v. Lizarraga*, 18 F.4th 344, 351–52 (9th Cir. 2021). The grievance form that Lopez submitted about the November 18, 2018, fight did not mention Defendant Thomas[3] or his "taking . . . actions that deprived [Lopez] of any federally guaranteed right," and thus failed to "alert[] the prison to the nature of th[at] wrong." *Fordley*, 18 F.4th at 358 (internal quotation marks omitted). It was too late for Lopez to belatedly raise that new issue in the administrative appeal process. *See* Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2(a)(3) (2019). Because we affirm the district court's summary judgment on that basis, we need not and do not consider the alternative grounds relied upon by the district court. *See City & County of San Francisco v. Barr*, 965 F.3d 753, 761 (9th Cir. 2020).

---

[1] *See Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc).

[2] *See* U.S. Const. amend. VIII.

[3] *See* Cal. Code Regs. tit. 15, § 3084.1(b) (2019).

2

In light of our decision, we affirm the district court's denial of Lopez's motion to compel discovery and its reliance on excerpts from his deposition. Lopez cannot show that he suffered prejudice because those pieces of evidence are not relevant to the exhaustion issue. *See Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1127, 1129 (9th Cir. 2020); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677–78 (9th Cir. 2018).

Upon our de novo review, we likewise affirm the district court's dismissal of Lopez's due process and equal protection claims. *See* 28 U.S.C. § 1915A(b)(1); *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015); *see also* U.S. Const. amend. XIV. First, Lopez's bald assertion that the officer who conducted the prison disciplinary proceeding was biased[4] does not plausibly suggest bias on the part of that officer or adequately state a due process claim. *See Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 1965–66, 167 L. Ed. 2d 929 (2007); *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 1464, 43 L. Ed. 2d 712 (1975); *cf. Stivers v. Pierce*, 71 F.3d 732, 741–42 (9th Cir. 1995). Second, Lopez failed to identify any relevant, protected class to which he belonged, and his allegation that another inmate was acquitted at a separate disciplinary hearing did

---

[4] *See Wolff v. McDonnell*, 418 U.S. 539, 570–71, 94 S. Ct. 2963, 2982, 41 L. Ed. 2d 935 (1974).

not state a cognizable equal protection claim.  *See Furnace v. Sullivan*, 705 F.3d 1021, 1030–31 (9th Cir. 2013).

Lopez's request for a paper copy of video evidence (9th Cir. Dkt. 24) is denied.

**AFFIRMED.**